TROS, The (BAKER v.). See Case No. 783.

---

## Case No. 14,188.

### In re TROTH.

[19 N. B. R. 253;[1] 2 N. J. Law J. 147; 36 Leg. Int. 158.]

District Court, D. New Jersey. April 8, 1879.

BANKRUPTCY—COMPOSITION.

The court may give effect to composition proceedings in cases of voluntary bankruptcy, although the bankrupt has by his own acts and conduct deprived himself of the right to obtain a discharge.

---

[1] [Reprinted from 19 N. B. R. 253, by permission.]

[In the matter of Henry Troth, a bankrupt.]

P. B. Voorhees, for bankrupt.

S. B. Huey, for opposing creditors.

NIXON, District Judge. [I have given a careful attention to the testimony taken to sustain the specifications against the resolution for composition, and find no satisfactory proof that the court ought not to confirm the resolution and order it to be recorded.] [2] The most serious question arises from the fact that the petition was voluntary and was filed after the bankrupt had made an assignment under state law. A fair construction of the act in reference to a composition does not seem to preclude the court from giving effect to the proceedings in such cases, although the bankrupt has by his own acts and conduct deprived himself of obtaining a discharge in bankruptcy. So held in Re Haskell [Case No. 6,192], and I can see no controlling reason why his conclusion should not be adopted as a proper interpretation of the law. Judge Blatchford went a step farther in Re Odell [Id. 10.427], and decided that the refusal of the court to grant a discharge for a cause set forth in section 5110 was not a bar to a composition subsequently agreed to by the requisite number of creditors. They are presumed to be familiar with all the facts, and if they assent to the composition with such knowledge, the court should assume that they understand their interests and that it will be best for all concerned, under the circumstances, that the resolution should be recorded, and it is so ordered.